UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

REGINALDO IXCOY,                        :

                    :

            Plaintiff,         :

                    :             25-CV-7983 (JMF)

      -v-                :

                    :       MEMORANDUM OPINION

AZAIVA CORP., et al.,          :         AND ORDER

                    :

           Defendant.     :

                    :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 7, 2026, Plaintiff Reginaldo Ixcoy filed a motion, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), seeking "an order authorizing substitute service upon Defendant Azael Avila via regular and certified mail . . . at Defendant's home address." ECF No. 21 ("Pl.'s Mem.), at 5-6. Plaintiff maintains that such an order is necessary because traditional methods of service have proven impracticable. Upon consideration of Plaintiff's motion and the papers filed in support, the Court DENIES the motion.

Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e). In New York, service of process may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called "nail and mail" service. N.Y. CPLR §§ 308(1)-(4). When traditional methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." *Id.* § 308(5). In shaping an appropriate method for

alternate service, however, the Court must ensure that the alternate method complies with "constitutional due process" by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation omitted).

Even assuming that Plaintiff is correct in claiming that service via the traditional methods is impracticable, the Court concludes that Plaintiff's proposed alternative method of service — mail to Avila's purported home address — is not reasonably calculated to apprise Avila of the action. That is because, as Plaintiff forthrightly admits, "DMV and postal records do not reflect that [the purported home] address is still (or ever was) valid for the Defendant" Avila, and attempts to serve Avila there in the past have been unsuccessful. Pl.'s Mem. 5. Indeed, Plaintiff provides no reason to think Avila even lives at the address in question.

Accordingly, Plaintiff's motion must be and is DENIED.

SO ORDERED.

Dated: January 9, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2